IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Eugene Patterson, ) | |
| ) | |
| Petitioner, ) | C.A. No. 4:19-cv-3032-JD-TER |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Bryan Stirling, Commissioner, South ) | |
| Carolina Department of Corrections; Scott ) | |
| Lewis, Warden, Perry Correctional ) | |
| Institution, ) | |
| ) | |
| Respondents. ) | |
| ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Thomas E. Rogers, III ("Report and Recommendation"), made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina.[1] Eugene Patterson ("Petitioner" or "Patterson"), a state prisoner brought this Petition for a Writ of Habeas Corpus through counsel under 28 U.S.C. § 2254. (DE 1.) Respondents filed a Motion for Summary Judgment on March 4, 2020. (DE 16.)

Petitioner filed a response in opposition on April 21, 2020. (DE 26.) Thereafter, the magistrate judge issued the Report and Recommendation, recommending that Respondents' Motion for Summary Judgment be granted in its entirety and Patterson's petition be dismissed. (DE 30, p. 34.)

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

Patterson filed objections to the Report and Recommendation; however, to be actionable, objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- *that are at the heart of the parties' dispute*.'" Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (2005) (citing Thomas v. Arn, 474 U.S. 140 (1985) (emphasis added)). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of the Petitioner's objections are non-specific, unrelated to the dispositive and/or at the heart of disputed portions of the Report and Recommendation, or merely restate his arguments.2 However, the court was able to glean the following specific objections, which will be addressed below.

As to Petitioner's Ground One for relief, the Court agrees with the Report and Recommendation finding that Petitioner did not raise any evidence to support a showing of ineffective assistance of counsel regarding the mutual combat jury instruction at the PCR hearing and is, therefore, procedurally barred. The fact that the Petitioner points to his PCR application and his Rule 59(e) motion to support his Objection does not overcome the procedural bar. See

---

2      Petitioner, in his Grounds Two, Three and Four, merely disagrees with the Court's finding that the trial court's jury instructions regarding transferred intent, proximate charge, and self-defense were proper, and therefore, Petitioner's trial counsel was not ineffective. (DE 34, p. 4.) Since these objections merely restate Petitioner's arguments without specific authority to refute the legal conclusions of the Report and Recommendation, no explanation is required for adopting the recommendation on these points.

Mallory v. Smith, 27 F.3d 991, 992 (4th Cir. 1994) ("The test of exhaustion is not one of simple notice . . . . The exhaustion provisions of 28 U.S.C. § 2254(b) & (c) presuppose that claims must be presented to a state court in accordance with state procedure."). The PCR court ruled—that all grounds not ruled upon had been deemed abandoned because no evidence had been presented as to those claims. Therefore, this ground was not properly presented in that court, and it is not preserved for habeas review. See Mallory supra.

Further, even under a de novo standard of review, Petitioner's assertion of ineffective assistance of appellate counsel lacks merit. It is particularly difficult to find deficiency without any testimony regarding appellate counsel's decision-making. The Strickland court instructs that "a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. 668, 689 (quoting Michel v. Louisiana, 350 U.S. 91,101 (1955)). Petitioner has not identified any evidence in the record to demonstrate deficiency by appellate counsel. See Burt v. Titlow, 571 U.S. 12, 22–23 (2013) ("It should go without saying that the absence of evidence cannot overcome the 'strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance.") (quoting Strickland, 466 U.S. at 689).

It is therefore **ORDERED** that the Respondents' Motion for Summary Judgment is granted and for the same reasons, Patterson's Petition for Writ of Habeas Corpus is dismissed; further, it is **ORDERED** that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Greenville, South Carolina
March 15, 2021

Joseph Dawson, III
United States District Judge

## NOTICE OF RIGHT TO APPEAL

Petitioner is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.